UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROMEO R. DE FERNANDEZ, CIRIACO C. DELA CRUZ, VALERIANO C. MARCELINO, VETERANS EQUITY CENTER, a non-profit organization on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;<br><br>ERIK K. SHINSEKI, Secretary of Veterans Affairs;<br><br>MICHAEL WALCOFF, Acting Under Secretary, Veterans Benefits Administration;<br><br>BRADLEY G. MAYES, Director, Compensation and Pension Service;<br><br>DAVID WEST, Veteran Service Center Manager, Oakland Regional Office of Veterans Benefits Administration;<br><br>Defendants. | Case No: C 10-02468 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt. 43 |

Filipino World War II ("WWII") veterans Romeo R. de Fernandez, Ciriaco C. Dela Cruz and Valeriano C. Marcelino, and the Veterans Equity Center, a non-profit entity which services the Filipino WWII veteran community (collectively "Plaintiffs"), filed the instant putative class action against the United States Department of Veteran Affairs ("VA") and various VA officials in their official capacity (collectively "Defendants") to challenge the denial of benefits under the Filipino Veterans Equity Compensation Fund ("FVEC"). The parties are presently before the Court on Defendants' Second Revised Motion to Dismiss Plaintiffs' Complaint. Dkt. 43. Having read and considered the papers

filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

In February 2009, President Barack Obama signed into law the 2009 Recovery Act ("the Act"), which, inter alia, established the FVEC. Pub.L. No. 111-5, Title X, § 1002, 123 Stat. 115, 200-02.[1] Under the FVEC, Filipino WWII veterans and their surviving spouses were granted one-time, lump-sum payments in recognition for the veterans' contributions to the war effort. Section 1002(d) of the Act defines "eligible persons" as follows:

> (d) ELIGIBLE PERSONS.—An eligible person is any person who—
>     (1) served—
>         (A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or
>         (B) in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538); and
>     (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable.

Id. § 1002(d).

Eligible Filipino veterans who are citizens of the United States are entitled to a one-time payment of $15,000, while non-citizens are entitled to a one-time payment of $9,000. Id. § 1002(e). If an eligible veteran timely applied for compensation but died prior to receiving payment, the surviving spouse, if any, is entitled to payment. Id. § 1002(c)(2). In

---

[1] Section 1002 of the 2009 Recovery Act is entitled Payments to Eligible Persons Who Served in the United States Armed Forces in the Far East During World War II.

establishing the FVEC, Congress provided that "[the VA] shall administer the provisions of this section in a manner consistent with applicable provisions of title 38, United States Code, and other provisions of law, and shall apply the definitions in section 101 of such title in the administration of such provisions, except to the extent otherwise provided in this section."  Id. § 1002(j).

On June 4, 2010, Plaintiffs filed the instant action in this Court to challenge the denial of Fernandez, Cruz and Marcelino's claims for benefits under the FVEC.  The Complaint alleges that the VA unfairly requires a claimant's name to appear on the "Missouri List" as a prerequisite to the payment of benefits.  Compl. ¶¶ 8, 9.  The Missouri List, also known as the Revised Reconstructed Guerilla Roster, is an official database of all personnel who served in the armed forces during the 20th Century.  Id. ¶ 116.  Plaintiffs allege that the Missouri List is incomplete due to a fire on July 12, 1973, which occurred at the National Personnel Records Center ("NPRC") in St. Louis, Missouri, where military service records are maintained.  Id. ¶¶ 117-18.  However, even if the claimant's name appears on the Missouri List, Plaintiffs aver the VA seeks "to deny the Vet's claim by challenging the Vet's loyalty to the United States" based on "flawed" evidence.  Id. ¶ 10.  The Complaint alleges claims for denial of due process, denial of access to the courts and declaratory relief.  Id. ¶¶ 126-137.

Defendants now move to dismiss the action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff's claims are barred by the Veterans' Judicial Review Act of 1988 ("VJRA").  Alternatively, Defendants argue that Plaintiffs claims are barred by the doctrine of sovereign immunity and otherwise fail to state a claim under Rule 12(b)(6).  The motion has been fully briefed and is ripe for adjudication.[2]

---

[2] As will be discussed below, the Court finds that subject matter jurisdiction is lacking.  Accordingly, the Court does not reach Defendants' alternative arguments for dismissal.

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  In a "facial" challenge, the court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in its favor.  Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  In the case of a "speaking" motion, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

## III. DISCUSSION

The initial decision and subsequent review of benefits decisions by the VA are governed by federal statute and regulations.  The adjudication of a veteran's claim commences with an initial decision by a regional office of the VA.  38 C.F.R. §§ 3.100, 3.103(a).  A veteran dissatisfied with a regional office's decision may appeal to the VA's Board of Veterans' Appeals, which renders the agency's final decision.  38 U.S.C. § 7104(a).  From there, a benefits determination may be appealed under the framework prescribed by the VJRA.  In particular, the VJRA established an Article I court called the United States Court of Appeals for Veterans Claims, which has exclusive jurisdiction to review decisions by the Board of Veterans' Appeals.  Id. §§ 7251, 7252(a).  In turn, decisions by the United States Court of Appeals for Veterans Claims are reviewed by the Federal Circuit.  Id. § 7292(a), (c), (d).

The VJRA also expanded the existing preclusion of judicial review by providing that *the VA* "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans."  38 U.S.C.

§ 511(a).  In <u>Veterans for Common Sense v. Shinseki</u>, an en banc panel of the Ninth Circuit sought to clarify the scope of the VJRA, holding that it precludes federal court jurisdiction over "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and "also to those decisions that may affect such cases."  678 F.3d 1013, 1023-26 (9th Cir. 2012).  In <u>Veterans for Common Sense</u>, two nonprofit organizations challenged (1) delays in the provision of care and adjudication of claims by the VA, and (2) the lack of adequate safeguards during the claims process.  The court found that the challenges to delays were barred by section 511, because to adjudicate those claims, the district court would have to examine the circumstances surrounding the VA's provisions of benefits to individual veterans and the adjudication of individual claims.  <u>Id.</u> at 1027-1030.  The court, however, found that it had jurisdiction over claims seeking review of the VA's procedures for claims handling, since the court was not being asked "to review 'decisions' affecting the provision of benefits to any individual claimants" or any VA decision "at all."  <u>Id.</u> at 1034.

      Plaintiffs contend that <u>Veterans for Common Sense</u> and section 511 only bar judicial review of *individual* claim determinations made by the VA, whereas here, they are challenging the *procedures* employed by the VA in adjudicating a benefits claim.  Pls.' Opp'n at 9-10.  The Ninth Circuit, however, recently rejected a virtually identical argument in <u>Recinto v. U.S. Dept. of Veterans Affairs</u>, -- F.3d --, 2013 WL 458252, at *1 (9th Cir. Feb. 7, 2013).  In <u>Recinto</u>, Filipino WWII veterans and widows of Filipino WWII veterans filed suit to challenge the VA's denial of their claims for FVEC benefits.  Like the instant action, the plaintiffs alleged that the VA's practice of relying exclusively on records from the NPRC to verify veterans' service history violated their right to due process because most of those records were destroyed in a fire which occurred in 1973.  <u>Recinto</u>, 2013 WL 458252, at *3 and n.2.  This Court granted the VA's motion to dismiss, finding that the Court lacked subject matter jurisdiction under the VJRA to consider the plaintiffs' due process claim.  <u>Recinto v. U.S. Dept. of Veterans Affairs</u>, No. C 10-4542 SBA, 2011 WL 1599635 (N.D. Cal. Apr. 28, 2011).

Relying on Veterans for Common Sense, the Ninth Circuit affirmed the dismissal of the plaintiffs' due process claim.[3]  In reaching its decision, the Ninth Circuit was unpersuaded by the plaintiffs' contention that they were challenging the VA's actions as a policy-based matter, as opposed to disputing individual benefits determinations.   The court explained:

> Plaintiffs contend that their due-process claim does not impel the court to look at the specifics of any individual veteran's case because it requires consideration of only the VA policy demanding verification of service from the NPRC, the history of the NPRC fire, and the exigent circumstances of World War II.  But in Veterans for Common Sense we held that we lacked jurisdiction to review a claim that average delays in the VA's provision of mental healthcare violated due process. Id. at 1028.  We reasoned that "[t]he fact that [a plaintiff] couches [a] complaint in terms of average delays cannot disguise the fact that it is, fundamentally, a challenge to thousands of ... benefits decisions made by the VA." Id. at 1027.  And we noted that holding otherwise "would embroil the district court in the day-to-day operation of the VA." Id. at 1028.
>
> Similarly, we hold here that the VJRA bars review of Plaintiffs' due-process claim.  <u>Even viewing Plaintiffs' claim as a systemic challenge rather than as a challenge to a group of individual VA decisions, we conclude that addressing the constitutionality of the VA's exclusive reliance on NPRC records to verify military service would necessarily require consideration of individual cases</u>.  To determine whether the VA policy unfairly deprives veterans of a protected property interest, we would have to inquire into the circumstances of at least a representative sample of those veterans who were denied FVEC benefits based on the NPRC's inability to verify their service for the purpose of determining whether members of that sample could sufficiently prove their military service without NPRC verification. . . .  Our interpretation of the VJRA in Veterans for Common Sense forecloses this type of inquiry. . . .  Because we hold that the VJRA precluded the district court's review of this claim, the district court's dismissal of the claim was appropriate.

Id. at *4 (citations omitted, emphasis added).  Plaintiffs' assertion herein that they are not seeking review of individual benefits claims is indistinguishable from the plaintiffs'

---

[3] For reasons that are not germane here, the court also affirmed this Court's dismissal of the plaintiffs' equal protection claim under Rule 12(b)(6).

argument in Recinto.  Accordingly, the Court finds that Recinto is directly on point and is dispositive of Plaintiffs' constitutional claims.

Finally, citing Veterans for Common Sense, Plaintiffs briefly argue that because Plaintiff VEC is an organizational plaintiff, it is not subject to the jurisdictional bar imposed by the VJRA.  Pls.' Opp'n at 3, 10.  The court in Veterans for Common Sense recognized that a claim challenging the VA's system-wide procedures is not barred by the VJRA, particularly where the plaintiff is an organizational entity that cannot seek relief through the review scheme established by the VJRA.  678 F.3d at 1035.  However, the court made that finding only *after* first concluding that this particular aspect of the plaintiffs' claim was not barred by the VJRA.  In this case, Plaintiffs' claims, at their core, seek to challenge the VA's denials of their individual claims for FVEC benefits.  Recinto makes it clear that the VJRA precludes the Court's consideration of these claims.  Nothing in Veterans for Common Sense supports the notion that the Court may consider claims brought by an organizational plaintiff where such claims are barred from judicial review by the VJRA in the first instance.

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss for lack of jurisdiction is GRANTED.  The Clerk shall close the file and terminate any pending matters.  Judgment shall be entered for Defendants.

IT IS SO ORDERED.

Dated: February 14, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge